**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CONNIE Y. TCHENG (SBN 228171)
ctcheng@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel: 310.557.9100
Fax: 310.557.9101

Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MCMULLEN,<br><br>            Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A., DOES 1-50,<br><br>            Defendant. | Case No.<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>[Riverside County Superior Court, Case No. RIC1615977]<br><br>Complaint Filed:  Dec. 5, 2016<br>Trial Date:          TBA |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Capital One Bank (USA), N.A. ("Capital One"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.   JURISDICTION**

Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Paul McMullen ("Plaintiff") alleges a cause of action arising under the federal Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227, *et seq*. Further, the Court has supplemental jurisdiction over the state law causes of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.   STATEMENT OF THE CASE**

2.   On December 5, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Riverside, designated as Case Number RIC1615977 (the "Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One in this case is attached hereto as *Exhibit A*.

3.   Plaintiff asserts three (3) causes of action in his Complaint against Capital One. Those causes of action include: (1) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), codified at Cal Civ. Code § 1788.1, *et seq*.; (2) violation of the Fair Debt Collection Practices Act; and (3) violation of the Telephone Consumer Protection Act.

**C.   BASIS FOR REMOVAL**

4.   This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff alleges claims arising under the TCPA, which is a law of the United States.

Doll Amir & Eley LLP

5.     Specifically, for example, Plaintiff's Complaint alleges that Capital One used an "automatic telephone dialing system" to place non-emergency collection calls to Plaintiff's cell phone without his consent, in violation of the TCPA.  *See* Compl., ¶¶ 8-11, 13.  Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law, and this Action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the TCPA.

6.     Additionally, this Court has supplemental jurisdiction over the remaining state law claims, because they "form[s] part of the same case or controversy."  28 U.S.C. § 1367(a).  A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together.  *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003).  Here, the facts related to Plaintiff's state law claims are intertwined with and based upon their allegations of wrongdoing under the federal TCPA claim in that all claims are based on the same allegedly unlawful calls by Capital One to Plaintiff.  *See* Compl., ¶¶ 5-6, 12.  The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claims.

**D.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7.     Removal of this action is timely.  Capital One was personally served with a copy of the Summons and Complaint in this action on December 8, 2016.  Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant . . . of a copy of [Plaintiffs' Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. §1446(b).

8.     Capital One is the only named Defendant in the action and therefore no consent of additional parties is required.

DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

9. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1441(a) because the Action was filed in this District.

10. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One from Plaintiff in the Action are attached hereto as *Exhibit A*.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Riverside.

**WHEREFORE** Capital One prays that the above Action now pending against it in the Superior Court of the State of California, County of Riverside, be removed therefrom to this Court.

DATED: January 6, 2017        DOLL AMIR & ELEY LLP

By: */s/ Connie Y. Tcheng*
    HUNTER R. ELEY
    CONNIE Y. TCHENG
Attorneys for Defendant,
CAPITAL ONE BANK (USA). N.A.